# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Sylvester Mott,

|                        |                               |
|------------------------|-------------------------------|
| Petitioner,            | Case No. 17-cv-11198          |
| v.                     | Judith E. Levy                |
|                        | United States District Judge  |
| Duncan MacLaren,       |                               |
|                        | Mag. Judge Elizabeth A. Stafford |
| Respondent.            |                               |

_____/

## ORDER GRANTING PETITIONER'S LETTER REQUEST [5], DISMISSING THE HABEAS PETITION [1], AND DENYING THE MOTION FOR APPOINTMENT OF COUNSEL [2]

This is a habeas corpus case brought by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Sylvester Mott was convicted of second-degree murder in 1983 and sentenced to 75 to 150 years in prison. Petitioner's *pro se* habeas petition raises a single claim: that his sentence is excessive and cruel and unusual punishment under the constitutions of Michigan and the United States. The Court will dismiss the petition at Petitioner's request (*see* Dkt. 5), because he seeks to obtain permission from the United States Court of Appeals for

the Sixth Circuit before proceeding with a second or successive petition in this Court.

## I. Background

Petitioner was charged with first-degree murder, MICH. COMP. LAWS § 750.316, but following a trial in the former Recorder's Court for the City of Detroit, the jury found Petitioner guilty of the lesser offense of second-degree murder, MICH. COMP. LAWS § 750.317. The conviction arose from the fatal beating of a child. On October 27, 1983, the trial court sentenced Petitioner to prison for 75 to 150 years. The Michigan Court of Appeals affirmed Petitioner's conviction, *see People v. Mott*, 140 Mich. App. 289 (1985), and on August 28, 1985, the Michigan Supreme Court denied leave to appeal.

In 1989, Petitioner moved for a new trial and for re-sentencing. The trial court denied his motion, and the State's appellate courts denied leave to appeal. In 1994, Petitioner filed a motion for relief from judgment, which also was denied.

In 1997, Petitioner filed his first petition for the writ of habeas corpus. He argued that (1) there was insufficient evidence to convict him of second-degree murder, (2) the admission of photographs of the

deceased child violated his right to due process, (3) the trial court's denial of his motion for a directed verdict of acquittal on the charge of first-degree murder violated his right to due process, (4) his trial and appellate attorneys were ineffective, (5) his sentence precluded him from obtaining parole, (6) the jury instructions were so erroneous as to deny him due process, and (7) the prosecutor's conduct deprived him of a fair trial. United States District Judge John Corbett O'Meara referred the case to a magistrate judge who recommended that the case be dismissed because it was barred by the statute of limitations. Judge O'Meara accepted the magistrate judge's report and recommendation as his findings and conclusions and dismissed the petition. *See Mott v. Robinson*, Case No. 97-cv-73959 (E.D. Mich. May 22, 1998). Petitioner appealed Judge O'Meara's decision, but the United States Court of Appeals for the Sixth Circuit declined to issue a certificate of appealability, *Mott v. Robinson*, No. 98-1729 (6th Cir. Mar. 17, 1999), and on October 4, 1999, the United States Supreme Court denied Petitioner's application for a writ of certiorari. *Mott v. Robinson*, 528 U.S. 878 (1999).

In 2000, Petitioner sought permission from the Sixth Circuit to file a second or successive petition. The Sixth Circuit denied Petitioner's request. *In re Sylvester Mott*, No. 00-2271 (6th Cir. Mar. 9, 2001).

In 2003, Petitioner filed another habeas corpus petition. Former United States District Judge David W. McKeague transferred the case to the Sixth Circuit as a second or successive petition. *See Mott-Bey v. Wayne Cty. 36th Dist. Court*, Case No. 03-cv-00544 (W.D. Mich. Sept. 29, 2003). On November 14, 2003, the Sixth Circuit dismissed the case for want of prosecution. *In re Sylvester Mott-Bey*, No. 03-2263 (6th Cir. Nov. 14, 2003). Between 2008 and 2015, Petitioner filed several unsuccessful post-conviction motions in the state trial court.

On April 14, 2017, Petitioner filed this petition for the writ of habeas corpus (Dkt. 1) and a motion for appointment of counsel. (Dkt. 2.) On April 21, 2017, United States Magistrate Judge R. Steven Whalen ordered Petitioner to submit the filing fee for his petition or an application to proceed without prepayment of fees and costs within twenty-one days of his order. (Dkt. 3.) Petitioner has not complied with Magistrate Judge Whalen's order. However, on May 1, 2017, Petitioner wrote to the Clerk of the Court and asked to have his petition dismissed

or transferred to the Sixth Circuit as a second or successive petition. (Dkt. 5.)

## II. Analysis and Conclusion

Among other things, the Antiterrorism and Effective Death Penalty Act of 1996 "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive application' in district court." *In re Stansell*, 828 F.3d 412, 414 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). This is Petitioner's third habeas petition challenging the same conviction, and he has not received permission from the Sixth Circuit to file a second or successive petition.

When, as here, a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from a Court of Appeals, the district court ordinarily must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). However,

---

[1] Section 1631 states that:

the Court's review of federal court records indicates that Petitioner recently applied directly to the Sixth Circuit for permission to file a second or successive petition. *In re Sylvester Mott*, No. 17-1607 (6th Cir. May 24, 2017). The Court therefore finds it unnecessary to transfer Petitioner's habeas petition to the Sixth Circuit. Because Petitioner seeks, in the alternative, to voluntarily dismiss his petition, the Court will grant his request.

Accordingly, for the reasons set forth above, it is hereby ordered that:

Petitioner's letter request to voluntarily dismiss his habeas petition (Dkt. 5) is GRANTED;

The habeas petition (Dkt. 1) is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(a)(2); and

Petitioner's motion for appointment of counsel (Dkt. 2) is DENIED as moot.

---

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

IT IS SO ORDERED.

Dated: June 28, 2017
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 28, 2017.

s/Shawna Burns
SHAWNA BURNS
Case Manager